UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH RHODES,

            Plaintiff,

v.

STEPHEN SINCLAIR, et al.,

            Defendants.

Case No. C19-5440 RBL-TLF

REPORT AND RECOMMENDATION

Noted for February 17, 2020

Plaintiff, proceeding *pro se* and *in forma pauperis*, has brought this suit under 42 U.S.C. § 1983 against Stephen Sinclair ("Sinclair"), Washington Department of Corrections, Clark County, the City of Vancouver, and the State of Washington. Dkt. 6. Pending before the Court are Defendant City of Vancouver's Motion for Summary Judgment (Dkt. 8), Defendants Sinclair, Washington Department of Corrections and the State of Washington's Motion to Dismiss (Dkt. 20), and Defendant Clark County's Motion to Dismiss (Dkt. 26). This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends the Court grant defendants' motions and dismiss plaintiff's complaint as stated below.

## FACTUAL BACKGROUND

Plaintiff alleges that on April 3, 2015 he was released from "WSP in Walla Walla, Washington." Dkt. 6 at 3. Plaintiff alleges that when he was released he was informed

REPORT AND RECOMMENDATION - 1

1  by staff and his "counselor" that he was not placed in community custody. *Id*. Plaintiff
2  also states that the judgment and sentence form from the underlying criminal conviction,
3  which plaintiff attached to the complaint, also indicates that he was not in community
4  custody. *Id*. at 3, 8-16.
5    Next, plaintiff alleges that when he returned to Clark County in Vancouver
6  Washington, he was informed that he was placed in community custody and was
7  subsequently arrested. *Id*. at 3. Plaintiff states that, in an attempt to resolve his
8  "problem" with the department of corrections, he wrote letters to Defendant Sinclair, "AG
9  Bob Ferguson" and "Governor Jay Inslee." *Id*. Plaintiff alleges that these letters were
10  ignored. *Id*.
11    Plaintiff's prayer for relief states, "To file a Constitutional Disability and Civil
12  Rights lawsuit for severe physical and emotional distress, false imprisonment, cruel
13  [and] unusual punishment, pain [and] suffering, mental anguish, racial discrimination,
14  and defermation [sic] of character." *Id*. at 4.

## DISCUSSION

A.  <u>Defendant City of Vancouver - Motion for Summary Judgment</u>

17    Defendant City of Vancouver moves for summary judgment pursuant to Federal
18  Rule of Civil Procedure (FRCP) 56. Dkt. 8. Defendant City of Vancouver alleges that
19  plaintiff's claims against the City of Vancouver are barred pursuant to the doctrine set
20  forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Dkt. 8.
21    Alternatively, Defendant City of Vancouver argues that plaintiff's claims are
22  collaterally estopped, plaintiff cannot support his claims with admissible evidence, and
23  plaintiff's complaint fails to state a claim for municipal liability. *Id*. In support of the
24  motion for summary judgment, Defendant City of Vancouver submitted the Declaration
25

REPORT AND RECOMMENDATION - 2

of Officer Brandon Degraw (Dkt. 10) and the Declaration of Daniel G. Lloyd (Dkt. 11). For the reasons set forth below, the undersigned recommends that the Court GRANT Defendant City of Vancouver's motion for summary judgment.

Summary judgment is supported if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FRCP 56(a). The moving party bears the initial burden to demonstrate the absence of a genuine dispute of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

A genuine dispute of material fact is presented when there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). A "material" fact means it is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and materiality is "determined by the substantive law governing the claim." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

When the Court considers a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [their] favor." *Id.,* at 255. However, the Court is not allowed to weigh evidence or decide credibility. *Anderson v. Liberty Lobby, Inc.*, at 255. If the moving party meets their initial burden, an adverse party may not rest upon the mere allegations or denials of his pleading; his or her response, by affidavits or as otherwise provided in FRCP 56, must set forth specific facts showing there is a genuine issue for trial. FRCP 56(e)(2). If the adverse party fails to properly address the moving party's assertion of fact, the court may consider the fact undisputed. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir.

2013). The Court may not disregard evidence solely based on its self-serving nature. *Nigro v. Sears, Roebuck & Co.,* 784 F.3d 495, 497 (9th Cir. 2015).

When a person confined by the government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 41 U.S. 475, 500 (1973). "[T]o recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). To state a Section 1983 claim that would necessarily invalidate a prisoner's confinement or its duration, the plaintiff must show that the sentence or conviction has been invalidated *prior* to bringing the Section 1983 action. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

Pursuant to FRCP 56(c) the Court may consider the declarations submitted by Defendant City of Vancouver in support of their motion for summary judgment. The Declaration of Brandon Degraw contains the police report related to plaintiff's arrest on June 16, 2018 for violation of a no-contact order. Dkt. 10 at 1. The Declaration of Daniel G. Lloyd contains the judgment form from the Superior Court of Washington for Clark County indicating that plaintiff was convicted in November of 2018 for violating a no-contact order. Dkt. 11 at 9-12. Additionally, the Declaration of Daniel G. Lloyd includes a

REPORT AND RECOMMENDATION - 4

declaration of criminal history for plaintiff filed in the Superior Court of Washington for Clark County. *Id*. at 20. The declaration of criminal history indicates that to the best knowledge of plaintiff, plaintiff's attorney, and the Prosecuting Attorney's Office, plaintiff's last conviction, prior to 2018, was in June of 2014. *Id*. at 21. Plaintiff did not respond to Defendant City of Vancouver's motion for summary judgment and has not objected to the declarations submitted in support of the motion. Accordingly, the Court may consider the evidence presented as undisputed.

      Plaintiff alleges that the defendants violated his rights by arresting him, but does not identify when he was arrested. Plaintiff's complaint alleges that the arrest occurred after his release on April 3, 2015 from WSP, and that he was told that he was in community custody. In support of his complaint, the plaintiff attached the Felony Judgment and Sentence form from his 2014 arrest and conviction. The complaint also alleges that following plaintiff's release from prison, he was homeless from April 3, 2015 to March 18, 2018. The state court records submitted by Defendant City of Vancouver indicate that plaintiff's last two convictions occurred in 2014 and November of 2018. Accordingly, based on plaintiff's complaint and the evidence in the record, the Court may infer that plaintiff's complaint is referring to the June 2018 arrest for violating a no-contact order.

      Pursuant to *Heck v. Humphrey*, a plaintiff can only recover damages for "an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," if the plaintiff demonstrates that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make

REPORT AND RECOMMENDATION - 5

1    such determination, or called into question by a federal court's issuance of a writ of
2    habeas corpus." 512 U.S. at 486-87. Plaintiff's complaint directly challenges the validity
3    of his arrest and subsequent conviction. Dkt. 6, at 3, 8. The relief sought by plaintiff
4    would also render the conviction or sentence invalid. Further, plaintiff has not alleged
5    nor provided any facts indicating that his conviction has been reversed, expunged, or
6    otherwise invalidated prior to filing this action. In fact, it appears that plaintiff's 2018
7    conviction is currently being considered on appeal but has not been decided.[1]
8    Accordingly, plaintiff's complaint against the City of Vancouver is barred by the doctrine
9    set forth in *Heck*.
10       Accordingly, the Court should find that plaintiff's complaint is barred pursuant to
11   *Heck* and the Court should grant Defendant City of Vancouver's motion for summary
12   judgment and dismiss this action without prejudice.
13       B.   <u>Defendants Sinclair, Washington State, Washington State Department of
14            Corrections and Clark County's Motions to Dismiss</u>
15       Defendants Sinclair, Washington State and Washington State Department of
16   Corrections move to dismiss plaintiff's complaint pursuant to FRCP 12(b)(6). Dkt. 20.
17   The motion to dismiss argues that plaintiff's complaint fails to state a claim. *Id*.
18   Additionally, the motion to dismiss alleges that plaintiff's claims are barred by *Heck* and
19   the Eleventh Amendment. *Id*.

---

[1] The Court takes judicial notice of Washington State Court records, case number 18-1-01725-4. *See,* https://odysseyportal.courts.wa.gov/ODYPORTAL/Home/WorkspaceMode?p=0

REPORT AND RECOMMENDATION - 6

1       Defendant Clark County also moves to dismiss plaintiff's complaint pursuant to FRCP 12(b)(6). Dkt. 26. Defendant Clark County argues that plaintiff's complaint fails to state a claim and fails to plead a prima facie case of municipal liability. *Id.*

      For the reasons set forth below, the Court should GRANT both motions to dismiss.

      When reviewing a motion pursuant to Rule 12(b)(6), the Court must accept as true "all well-pleaded allegations of fact in the complaint and construe them in the light most favorable to the non-moving party." *Cedar Point Nursery v. Shiroma*, 923 F.3d 524, 530 (9th Cir. 2019) (internal quotations omitted). The Court is not required to accept legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When evaluating a 12(b)(6) motion, the court may only consider the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Cedar Point Nursery*, 923 F.3d at 530.[2]

      To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A claim is plausible on its face if the pleaded facts allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678. The Court must liberally construe a pro se complaint and construe all facts in the light most favorable to the plaintiff. *Mangiaracina v. Penzone*, 849 F.3d 1191, 1195 (9th Cir. 2017). However, this lenient standard does not excuse a pro se litigant from meeting the most

---

[2] For purposes of considering the motions to dismiss, the undersigned will only consider plaintiff's complaint and documents incorporated into the complaint.

REPORT AND RECOMMENDATION - 7

basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

42 U.S.C. § 1983 "affords a 'civil remedy' for deprivation of federally protected rights caused by persons acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527. 535 (1981) *overruled in part on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986). To state a claim under Section 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Id.* Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are presented. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

To state a claim under Section 1983, a plaintiff must set forth the specific factual bases upon which the plaintiff claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1982). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (1982).

For purposes of Section 1983 neither a state nor its officials acting in their official capacities constitute a "person." *Will v. Michigan*, 491 U.S. 58, 64 (1989). Additionally, the Eleventh Amendment of the United States Constitution prohibits a private citizen from suing a state government in federal court without the state's consent. *See, Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004); *Natural Resources Defense Council v. California Dep't of Transportation*, 96 F.3d 420, 421 (9th Cir. 1996). This Eleventh Amendment immunity extends to state agencies. *See, Howlett v. Rose*,

496 U.S. 356, 365 (1990); *Natural Resources Defense Council,* 96 F.3d at 421. Therefore, neither the state nor an official acting in their official capacity may be sued for damages pursuant to Section 1983.

Further, there are three scenarios under which a municipality, such as a County, may be liable under Section 1983 (see Ninth Circuit Pattern Jury Instructions No. 9.5, 9.6, 9.7, 9.8) – first, if implementation of official policies, practices, or established customs (either formal or expressly adopted official policy –a longstanding practice or custom that is "standard operating procedure") causes a constitutional injury; second, if there are acts or omissions such as failure to train employees and this policy, practice, custom, act or omission was done with deliberate indifference to the constitutional right of persons who may be affected and causes a constitutional injury; or third, if the individual whose acts or omissions amount to a constitutional violation was an official who had final authority to make policy – or if such official ratified a subordinate's unconstitutional decision and the basis for it, and this causes constitutional injury. *Connick v. Thompson,* 563 U.S. 51, 60-61 (2011); *Castro v. County of Los Angeles,* 833 F.3d 1060, 1074 (9th Cir. 2016).

First, plaintiff's complaint names as defendants the State of Washington and the Washington Department of Corrections. Dkt. 6. Neither the State of Washington nor the Washington Department of Corrections is a "person" who can be sued for damages under Section 1983. Further, the State of Washington and the Department of Corrections are immune from plaintiff's cause of action under the Eleventh Amendment.

Next, the allegations in plaintiff's complaint fail to state a claim against Defendant Sinclair. Plaintiff alleges that he wrote a letter to Defendant Sinclair and that Defendant

Sinclair did not respond. The complaint provides no factual allegations explaining how Defendant Sinclair violated plaintiff's constitutionally protected rights or otherwise participated in any misconduct. In addition, plaintiff fails to show how any allegations regarding a letter to Defendant Sinclair would be connected to his allegations that his arrest or conviction is unconstitutional. Accordingly, plaintiff's complaint fails to state a Section 1983 claim against Defendant Sinclair.

Plaintiff's complaint also fails to state a Section 1983 claim against Defendant Clark County. The only factual allegation that plaintiff makes regarding Defendant Clark County is that after being released from WSP, upon his return to Clark County he was told he was in community custody and was arrested. Dkt. 6. The complaint provides no factual allegations showing what policy, custom or practice, or any act or omissions of Clark County purportedly violated plaintiff's rights. Accordingly, plaintiff's complaint fails to allege sufficient factual allegations to state a Section 1983 claim against Defendant Clark County.

Finally, pursuant to *Heck v. Humphrey*, a plaintiff can only recover damages for "an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," if the plaintiff demonstrates that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. Plaintiff's complaint challenges the validity of his prior conviction, his arrest after being released and his subsequent imprisonment. Plaintiff has not alleged that his arrest, his prior conviction or prior sentence have been

reversed, expunged or otherwise invalidated. Accordingly, based on plaintiff's allegations it appears that plaintiff's complaint is barred by *Heck*.

When a *pro se* litigant's complaint fails to state a claim upon which relief may be granted, the Court generally grants the opportunity to amend the complaint. *Lucas v. Dep't of Corrections,* 66 F.3d 245, 248 (9th Cir. 1995). However, the Court may deny leave to amend when amendment would be futile, or the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir, 1991). As has been discussed, plaintiff cannot state a claim under Section 1983 against Defendants State of Washington and Washington Department of Corrections. Further, the State of Washington and Washington Department of Corrections are immune from plaintiff's complaint under the Eleventh Amendment. Therefore, plaintiff should not be granted leave to amend as to claims against the State of Washington and Washington Department of Corrections. Because plaintiff's complaint lacks any basis for a plausible set of facts under which to sue Sinclair or Clark County, any amendment would be futile and plaintiff should not be granted leave to amend against Defendant Sinclair and Defendant Clark County.

For the foregoing reasons, the undersigned recommends that the Court GRANT Defendants Sinclair, Washington State and Washington State Department of Corrections' motion to dismiss, with prejudice. The undersigned further recommends that the Court GRANT Defendant Clark County's motion to dismiss, with prejudice. Finally, the undersigned recommends that leave to amend be denied as to all defendants.

## IN FORMA PAUPERIS STATUS ON APPEAL

The Court must also decide whether plaintiff's *in forma pauperis* status should continue on appeal. *See* 28 U.S.C. §1915(a)(3) ("an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith"). The Court must determine whether appeal is frivolous or malicious, or whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B)(i)&(ii).

While the Court was not persuaded on the merits of plaintiff's claim, there is no evidence that his appeal is frivolous or is taken in bad faith. Accordingly, the Court recommends that *in forma pauperis* status should continue on appeal.

## CONCLUSION

Based on the foregoing discussion, the Court should GRANT Defendant City of Vancouver's Motion for Summary Judgment and dismiss plaintiff's complaint against the City of Vancouver without prejudice.

The Court should GRANT Defendants Sinclair, Washington State and Washington State Department of Corrections' motion to dismiss plaintiff's complaint against these defendants. The undersigned further recommends that the Court GRANT Defendant Clark County's motion to dismiss plaintiff's complaint against Defendant Clark County. Leave to amend should not be granted, because any amendment would be futile.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a

response. FRCP 72(b)(2). Accommodating this time limitation, this matter shall be set for consideration on February 17, 2020, as noted in the caption.

Dated this 7th day of January, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13